**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO.:

SURGERY CENTER OF VIERA, LLC,

     *Plaintiff*,

vs.

ANTHEM, INC. (t/n ANTHEM BLUE CROSS
LIFE AND HEALTH INSURANCE COMPANY),

     *Defendant.*

_____/

## COMPLAINT

     Plaintiff, Surgery Center of Viera, LLC ("SCV"), as medical provider, authorized representative, and / or assignee of patient / insured I.M., sues Defendant, Anthem, Inc. (t/n Anthem Blue Cross Life and Health Insurance Company) ("Anthem"), as follows:

### NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE

     1.     This is an action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code, Sections 1000-1461 ("ERISA"), for Anthem's wrongful denial of I.M.'s health insurance benefits (which such benefits, as discussed in greater detail below, were / are owed to SCV under valid assignment and / or authorization from I.M.) and for Anthem's administrative failures (which such administrative exercises SCV was permitted to carry out on I.M.'s behalf as a valid authorized representative, as discussed in greater detail below).

     2.     More specifically, this action arises, in part (Count I), under ERISA for

Defendant's administrative record production failures relating to the subject I.M.-related health insurance claim, implicating ERISA, Title 29, United States Code, Section 1024(b), Title 29, United States Code, Section 1132(c)(1), and Title 29, Code of Federal Regulations, Section 2575.502c-1 to be precise. More specifically, this action also arises, in part (Count II), under ERISA out of Defendant's wrongful denial of health insurance benefits owed to the medical provider (SCV) of the patient / insured, I.M., relating to medical services provided to the Plan participant / patient / insured, I.M., by SCV on February 26, 2019, implicating Title 29, United States Code, Section 1132(a)(1)(B) to recover benefits and enforce rights.

3.      At all material times, SCV was a medical provider and a Florida limited liability company with its citizenship (*i.e.*, principal place of business / "nerve center") in Viera, Florida, Brevard County. SCV is *sui juris* in all respects.   SCV's members are as follows: (a) Dr. Ara Deukmedjian, domiciled in Brevard County, Florida, (b) Sun Deukmedjian, domiciled in Brevard County, Florida, and (c) Dr. Bharat Patel, domiciled in Brevard County, Florida.  At all material times, SCV was the authorized representative of I.M. with an assignment of benefits as well, with such authorization and assignment being authorized by the subject insurance policy as discussed in greater detail below.

4.      At all material times, Anthem was an insurance company incorporated in the State of Indiana with its principal place of business / headquarters ("nerve center") in the State of Indiana and engaged in the business of selling insurance, administering insurance, and / or deciding and paying insurance claims throughout the State of Florida under its name and / or

its trade name (Anthem Blue Cross Life and Health Insurance Company).[1]

5.    This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331. And for what it is worth, this Court also has jurisdiction over the entire matter pursuant to Title 28, United States Code, Section 1332, as the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs.

6.    Venue is proper in the Middle District Court of Florida pursuant to Title 29, United States Code, Section 1132(e)(2) and / or Title 28, United States Code, Section 1391(b), since, for examples, (a) a substantial part of the events or omissions giving rise to the subject action occurred in this jurisdiction, namely the subject medical procedure was completed in this jurisdiction and Defendant's denial of the subject insurance claim and failure to supply germane documentation / information required by federal law and the insurance contract occurred in this jurisdiction, and (b) the Orlando Division of this Court has personal jurisdiction (due to Defendant's minimum contacts in this forum).

7.    All conditions precedent to the institution of this action (*e.g.*, administrative pre-suit appeals) have occurred, been performed, been waived, or were futile.

---

[1] Upon information and belief, the subject insurance policy / plan is fully-insured. If the plan was / is self-funded, SCV reserves the right to amend the complaint (by any prospective add parties deadline) to add as additional Defendants to this lawsuit the subject employer and plan for Koeller Nebeker Carlson and Haluck, LLP. The insurance policy language that suggests to us that this insurance policy / plan is fully-insured is as follows: "Your health care coverage is insured by Anthem Blue Cross Life and Health Insurance Company (Anthem Blue Cross Life and Health)." This language is found on the fifth page (entitled "Certificate of Insurance") of the insurance policy, which such policy is attached hereto as **Exhibit A** and incorporated fully herein by reference.

## COMMON ALLEGATIONS

8.      At all material times, I.M. was covered by the "Prudent Buyer" health insurance policy / plan issued by Anthem for Koeller Nebeker Carlson & Haluck, LLP.

9.      Upon information and belief, the Plan's Group number was / is 281832M001 and the Patient's Member I.D. number was / is 328M95991. The assigned claim reference / ID number was / is 485554. Again, a copy of the insurance policy / plan document is attached as Exhibit A, which such exhibit is incorporated fully herein by reference.

10.     At all material times leading up to the subject medical services received from SCV, I.M. suffered from back pain and associated radiculopathy following an injury. I.M. tried alternative, conservative management treatments, which failed and surgical treatment was deemed medically necessary. On February 26, 2019, SCV operated on I.M. to remedy I.M.'s medical conditions, performing a minimally invasive procedure called laser disc repair, which such laser disc repair finds complete support (*i.e.*, is absolutely not investigational in nature as the carrier contends) in medical journals, peer reviews, and prior court results, for examples.

11.     SCV's billed charges for the subject medical services rendered to I.M. totaled $72,860.00, and a claim package was timely submitted by SCV to Anthem relating to same by letter dated February 28, 2019.

12.     The medical procedure was successful and eliminated I.M.'s pain.

13.     Following SCV's claim submission, Anthem denied payment for the procedure claiming that the procedure "d[id] not meet the criteria for 'medical necessity' under your description of benefits."

14.     SCV timely appealed Anthem's denial of coverage.

15.     By letter dated March 5, 2019, Anthem upheld its previous coverage denial, claiming the surgical procedure, endoscopic spinal surgery, was "not approvable under the health plan's clinical criteria because there is no proof, or not yet enough proof it improves health outcomes. *For this reason the request is denied as investigational*." (emphasis added). The subject letter additionally stated that "*[t]his is our final decision*. Your grievance rights with us are exhausted." (emphasis added).

16.     The subject medical procedure, laser disc repair, is a safe and effective medical treatment with a resolution rate in excess of 90%; *i.e.*, is not investigational. Again, SCV's laser disc repair finds complete support (*i.e.*, is absolutely not investigational in nature) in medical journals, peer reviews, and prior court results, for examples.[2]

17.     By letter dated October 15, 2019, SCV, through undersigned counsel, sent correspondence to Anthem requesting the entire administrative record / claim file for the subject claim. The pertinent content of this letter was as follows:

> Regarding our assessment of the subject insurance claim(s) denial, underpayment, or delayed non-decision, we ask the claim administrator and / or the plan administrator to please promptly provide us with a copy of the entire administrative record.  The administrative record should consist, at minimum, of the following:  **(1)** Complete, certified copies of all plan documents (master policy, summary plan description, benefit booklet, certificate of coverage, or the like) in effect at the times of the subject medical services and / or at the times of any claims made relating to the subject medical services; **(2)** Copies of all correspondence and / or documents exchanged between the insured / patient (or any insured / patient representatives) and the claim administrator and / or

---

[2] Such materials will be supplied upon request or during the ordinary course of litigation, such as in discovery or in the pleading stage should Anthem frivolously move to dismiss rather than answer this complaint. We did not, however, deem it appropriate to attach evidence to the complaint as exhibits.

plan administrator regarding the subject medical services and / or any claims made relating to the subject medical services; (**3**) Copies of all correspondence and / or documents exchanged between Surgery Center of Viera and the claim administrator and / or plan administrator regarding the insured / patient, the subject policy / plan, the subject medical services, and / or any claims made relating to the subject medical services; (**4**) Copies of all correspondence and / or documents exchanged between any other party and the claim administrator and / or plan administrator (less attorney-client privileged data, of course) regarding the insured / patient, subject medical services, and / or any claims made relating to the subject medical services; (**5**) Copies of all of the insured's / patient's Surgery Center of Viera-related medical records in the claim administrator's and / or plan administrator's possession; (**6**) Identification of all policy / plan language upon which the claim(s) decision-making was based; (**7**) Contact information for any medical professionals enlisted by the claim administrator and / or plan administrator regarding the subject medical services and / or any claims made relating to the subject medical services; (**8**) Transcripts and audio recordings of any recorded statements or phone calls between the insured / patient (or any representatives of the insured / patient) and the claim administrator and / or plan administrator regarding the insured / patient, subject medical services, and / or any claims made relating to the subject medical services; (**9**) Transcripts and audio recordings of any recorded statements or phone calls between Surgery Center of Viera and the claim administrator and / or plan administrator regarding the insured / patient, subject medical services, and / or any claims made relating to the subject medical services; (**10**) Transcripts and audio recordings of any recorded statements or phone calls between any other party and the claim administrator and / or plan administrator (less any attorney-client privileged data, of course) regarding the insured / patient, subject medical services, and / or any claims made relating to the subject medical services; (**11**) All EOBs relating to any claims that were made relating to the subject medical services; (**12**) All Surgery Center of Viera billing and / or claim(s) submission paperwork received by the claim administrator and / or plan administrator relating to the insured / patient; (**13**) All evidence of any payment(s) made by the claim administrator and / or plan administrator relating to any claims that were made relating to the subject medical services; (**14**) All guidelines, manuals, written protocol, medical treatises, medical literature, and / or the like upon which the claim administrator and / or plan administrator partially or wholly based its claim(s) decisions; (**15**) All billing paperwork, rate / fee schedules, data or formulas, third-party re-pricing vendor (*e.g.*, PMCS, TRPN, MultiPlan, Viant, Optum, Zelis) paperwork / contracts possessed by the claim administrator and / or plan administrator relating to "usual, customary, reasonable" (UCR) medical provider charges (sometimes referred to as the "eligible expense" assessment), and / or any other data upon which the claim administrator and / or plan administrator has based its decisions as to how much indemnity to afford on the subject claim(s); (**16**) Copies of any documents

relating to any reinsurance relating to the subject policy / plan; **(17)** Copies of any documents relating to any arrangement / agreement between the plan administrator and the claim administrator relating to end of year cost savings between the two (*i.e.*, sharing / splitting of monies saved in relation to the policy / plan due to claim underpayments / denials), which such arrangements / agreements are often called "Level Funded Plans;" **(18)** Copies of any administrative services agreements (sometimes called Third Party Administrator, "TPA," Agreements, for example) between the claim administrator and plan administrator; and **(19)** Copies of any other documents that the claim administrator and / or plan administrator partially or wholly relied on in deciding any claim(s) relating to the subject medical services.

Equipped with this legally required documentation / information, we will be in a position to assess and carry out the next step (*e.g.*, pre-suit appeal(s), external reviews, complaints / grievances with state offices of insurance regulation, litigation, and / or *et cetera*). If the claim administrator and / or plan administrator somehow contend that our administrative record production request needs to be directed, in whole or in part, to some other person or entity, we expect the administrators to promptly forward our administrative record production request to that person or entity and carbon copy us on such correspondence.

18.     On December 5, 2019, SCV, through counsel, sent follow up correspondence to Anthem again requesting the administrative record and germane claim documents originally requested in the aforementioned October 15, 2019, letter.  The records entitlement is, in part, prescribed by the federal Codes set forth in Paragraph 1 above.  Moreover, the records entitlement is, in part, prescribed by the insurance policy.  *See, e.g.,* Ex. A at 139 ("If, after our denial, we consider, rely on or generate any new or additional evidence in connection with your claim, we will provide you with that new or additional evidence, free of charge"); *id.* at 170 ("**Note: You, your beneficiary, or a duly authorized representative may appeal any denial of a claim for benefits** with Anthem Blue Cross Life and Health and request a review of the denial. In connection with such a request: Documents pertinent to the administration of

the Plan may be reviewed free of charge," emphasis in original).[3]

19.     Anthem failed to respond to the October 15, 2019, and the December 5, 2019, letters, and otherwise failed to provide the administrative record and claim documents as required by federal Codes and the insurance contract (Ex. A).

20.     The insurance policy covers surgeries rendered at Ambulatory Surgery Centers, as here. *See, e.g.,* Ex. A at 36.   And SCV sought pre-authorization / pre-certification / pre-service review for the subject procedure before performing the surgery (as required by the policy only with respect to a pre-service medical necessity determination, not a pre-service investigational determination, *see id.*) *via* phone call with the carrier, with that call reference number being UM3660296 with carrier representative Louise S.

21.     Recall from above (*see* ¶ 15, *supra*), the carrier's "final" claim denial decision (on appeal) was predicated on the purported "investigational" nature of the procedure, not the medical necessity of the procedure.   This "final" "investigational" carrier determination rendered contractually immaterial / moot (even under *contra proferentem* or the Mend the Hold doctrine or equitable principles such as estoppel and / or waiver, at the very least for examples) the medical necessity pre-certification hoops that SCV proactively (and in good faith) jumped through as noted in the preceding paragraph.

22.     SCV exhausted the pre-suit appeal process. And did so to the best of its ability, hindered by Defendant's wrongful refusal to provide required / requested records relating to

---

[3] Worth noting, in addition to the insurance policy permitting authorized representation (SCV, here), the insurance policy also allows the insured / patient to assign benefits to the medical provider (SCV, here). *See, e.g.,* Ex. A at 133-134.

Defendant's claim and appeal decision-making, as evidenced by Anthem's upholding of the subject claim denial by insistence on its "final" position that the subject medical procedure was "investigational" in nature and that all grievance rights were exhausted.  Hence, this lawsuit as SCV's regrettable last resort.

23.     SCV has suffered significant financial harm as a result of Anthem's improper claim denial. The financial harm by way of the denied medical procedure is $72,860.00 (the exact amount reflected in the HCFA enclosed with the aforementioned SCV February 28, 2019, claim submission package), not including interest, attorney's fees, or costs.  And the financial harm also includes $12,100.00 (as of today's date) in administrative penalty as now discussed.

**COUNT I – PETITION TO COMPEL PRODUCTION OF THE "ADMINISTRATIVE RECORD" AND FOR RECOVERY OF ADMINISTRATIVE RECORD PRODUCTION FAILURE PENALTY PURSUANT TO ERISA, 29 U.S.C. § 1024(B), 29 U.S.C. § 1132(c)(1) AND 29 C.F.R. § 2575.502c-1**

SCV re-alleges Paragraphs 1 through 23 as if fully set forth herein, and further alleges as follows.

24.     This is a claim for production of the administrative record and for award of administrative record production failure penalty pursuant to Title 29, United States Code, Section 1132(c)(1), Title 29, United States Code, Section 1024(b), and Title 29, Code of Federal Regulations, Section 2575.502c-1.  And, worth noting, several of the germane records requested by the aforementioned letter (*see* ¶ 17, *supra*) are promised by the insurance contract (not just by federal Codes referenced in Paragraph 1 above). *See* ¶ 18, *supra*.

25.     By letters referenced in the above common allegations, SCV and / or its legal counsel asked Anthem to provide the administrative record / germane documentation in relation

to the I.M. claim, mainly (but not entirely) to learn Defendant's exact reasons for its absurd "investigational" claim denial so that SCV could contest same in an educated fashion (pre-suit and, only if need be, in suit).

26.     Anthem is responsible for providing the materials requested (*see, e.g.,* ¶ 18, *supra*) by SCV both by federal Codes, in part, *see* ¶ 1, *supra*, and by insurance contract, in part, *see* ¶ 18, *supra*.

27.     Anthem shirked its legally and contractually prescribed administrative / germane record production responsibilities.

28.     Per the above-cited United States Code and Code of Federal Regulations, *see* ¶ 1, *supra*, the $110.00 / day administrative penalty started accruing November 15, 2019.[4] From November 15, 2019, through the date of this complaint (March 4, 2020), 110 days have passed without Defendant's satisfaction of the administrative record / germane record requests made in the aforementioned letter (*see* ¶ 17, *supra*) regarding the I.M. claim. As of the filing date of this complaint, the $110.00 / day administrative penalty totals $12,100.00. The $110.00 / day penalty will continue to accrue until such time that Defendant obliges the legally and contractually required germane documentation / information requests set forth in the October 15, 2019, letter noted above. *See* ¶ 17, *supra*.

29.     SCV has no other adequate remedy other than this lawsuit to address the injuries it has suffered as a result of Defendant's wrongful withholding of the administrative record / germane documentation.

---

[4] This represents the date which falls 31 days after the October 15, 2019, request for the administrative / germane records.

30.     As a further result of Defendant's refusal to produce the administrative record / germane documentation, SCV has been forced to retain legal counsel to represent it in this matter and is accordingly entitled to recover reasonable attorneys' fees and costs pursuant to Title 29, United States Code, Section 1132(g)(1) or as otherwise awardable.

WHEREFORE, Plaintiff, Surgery Center of Viera, LLC, respectfully requests (a) Court order compelling Defendant, Anthem, Inc. (t/n Anthem Blue Cross Life and Health Insurance Company), to produce the outstanding administrative record / germane records posthaste and allowing SCV thirty days following production of the administrative record / germane records to amend this complaint if need be, (b) an award to SCV of the administrative record production failure penalty incurred by Defendant pursuant to Title 29, United States Code, Section 1132(c)(1), Title 29, United States Code, Section 1024(b), and Title 29, Code of Federal Regulations, Section 2575.502c-1, (c) an award to SCV of attorneys' fees (pursuant to Title 29, United States Code, Section 1132(g)(1)) and costs incurred bringing this action, and (d) the Court's affording of any other relief the Court deems equitable, just, and / or proper.

## COUNT II – RECOVERY OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132(A)(1)(B)

SCV re-alleges Paragraphs 1 through 23 as if fully set forth herein, and further alleges as follows.

31.     This is a claim to recover benefits and enforce rights under Title 29, United States Code, Section 1132(a)(1)(B).

32.     Pursuant to Title 29, United States Code, Section 1132(a)(1)(B), SCV, as a policy permitted assignee and / or authorized representative of the participant (I.M.) in the subject health insurance Plan, is entitled to sue for judicial determination and enforcement of

benefits and / or rights.

33.     At all material times to this action and in exchange for a valuable premium, Defendant provided (and seemingly funded, *see, e.g.,* footnote 1, *supra*) health insurance to I.M. under the insurance policy, which is a binding and enforceable insurance contract under the laws of the State of Florida or otherwise.

34.     The subject medical services were covered under the insurance policy, *see* ¶ 20, *supra*, and were not investigational as was Defendant's final / only basis for claim denial. *See* ¶ 15, *supra*.

35.     By the terms of the insurance policy (Ex. A) and pursuant to the law, Defendant, among other things, had a duty to properly investigate the subject medical services, adjust / investigate the subject SCV claim relating to such services, and fully compensate SCV in relation to same. Defendant failed SCV in these regards, which contravened ERISA (in particularly Title 29, United States Code, Section 1132(a)(1)(B)), and, for that matter, breached the insurance policy (Ex. A), violated Florida law, and was otherwise inequitable.

36.     As a direct, foreseeable, and proximate result of Defendant's contravention of Title 29, United States Code, Section 1132(a)(1)(B) and breach of its obligations under the Plan, SCV has suffered and continues to suffer damages ($0.00 payment for a valuable and successful surgery).

37.     SCV has no other adequate remedy other than this lawsuit to address the injuries it has suffered as a result of Defendant's denial of benefits in relation to the subject I.M. medical services based on a wayward (and largely, if not entirely, unsubstantiated) purported "investigational" denial.

38.     As a further result of Defendant's refusal to compensate SCV, SCV has been forced to retain legal counsel to represent it in this matter and is accordingly entitled to recover its reasonable attorneys' fees and costs pursuant to Title 29, United States Code, Section 1132(g)(1) or as otherwise awardable.

WHEREFORE, Plaintiff, Surgery Center of Viera, LLC, requests the entry of judgment against Defendant, Anthem, Inc. (t/n Anthem Blue Cross Life and Health Insurance Company), for liability and for damages including, but not limited to, past-due insurance benefits owed in relation to the subject medical services, an award to SCV of attorneys' fees (pursuant to Title 29, United States Code, Section 1132(g)(1)) and costs incurred bringing this action, and for such other relief as this Court deems equitable, just and proper.

Dated this 4th day of March, 2020.

Respectfully Submitted,

**CALLAGY LAW, P.C.**
1900 N.W. Corporate Blvd., Ste 310W
Boca Raton, Florida  33431
(561) 405-7966 (o); (201) 549-8753 (f)

/s/ Jeffrey L. Greyber
**Jeffrey L. Greyber, Esq.**
Fla. Bar No. 41103
**Ivan J. Tarasuk, Esq.**
Florida Bar No. 15774
jgreyber@callagylaw.com
itarasuk@callagylaw.com
hcasebolt@callagylaw.com